Seth M. Lehrman (178303)
seth@epllc.com
EDWARDS POTTINGER LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile: 954-524-2822

Attorneys for Plaintiff
Jonathan A. Pastore

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN A. PASTORE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MCCLINTOCK INDUSTRIES, INC. d/b/a RED AUTO PROTECTION,<br><br>Defendants. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jonathan A. Pastore (hereinafter "Plaintiff"), brings this class action under Rule 23 of the Federal Rules of Civil Procedure against McClintock Industries, Inc. d/b/a Red Auto Protection ("Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the TCPA"), and the regulations promulgated thereunder.

**PRELIMINARY STATEMENT**

1. Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in negligently or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227

-1-

("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the [FCC]."[1] The TCPA is designed to protect consumer privacy by, among other things, prohibiting the making of autodialed or prerecorded-voice calls to cell phone numbers and failing to institute appropriate do-not-call procedures. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(d).

3. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. Additionally, the FCC has explicitly stated "that the TCPA's prohibition on automatic telephone dialing systems 'encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls.'" *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1169-70 (N.D. Cal. 2010) (quoting *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 F.C.C.R. 14014, 14115 (July 3, 2003).

5. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate

---

[1] *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, ¶ 1 (2015).

1  burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end,
2  Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions*, LLC, No. 11 C 5886, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District.

8. The Court has personal jurisdiction over Defendant because it is a citizen of, and conducts business in, this state, markets its services within this state, and has availed itself to the jurisdiction of the State of California by placing calls to Plaintiff and Class Members in this state.

## PARTIES

9. Plaintiff's domicile is in Washington.

10. Defendant is a California corporation in good standing with the California Secretary of State and citizen of the state of California, listing its principal address at 1290 N Hancock Street, Suite 200, Anaheim, California 92807.

11. Defendant is in the business of selling vehicle protection plans.

12. Defendant promotes and markets its services by calling wireless phone users in violation of the TPCA.

13. Defendant, directly or through other persons, entities or agents acting on its behalf, conspired to, agreed to, contributed to, authorized, assisted with, or otherwise caused all of the wrongful acts and omissions, including the dissemination of the unsolicited calls that are the subject matter of this Complaint.

## FACTUAL ALLEGATIONS

14. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

15. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

16. At all times relevant Defendant conducted business in the State of California and in Orange County, within this judicial district.

17. Defendant, which utilizes prerecorded telemarketing calls to market and advertise Defendant's business, made at least 15 calls to Plaintiff.

18. Plaintiff knows that the calls were robotic because of the nature of the sound and the wording of the recordings were always the same.

19. For example, on or about May 23, 2019, at approximately 1:05 p.m., as well as on May 9, 2019, twice on May 1, 2019, and on April 16, 2019, Defendant called Plaintiff's cellular telephone number ending in "6666."

20. Each call started with a recorded message then, after several seconds, the call was transferred to a live person.

21. On March 3, 2020, Plaintiff received more calls from Defendant. The calls received on March 3 displayed a different phone number on the caller identification than those received in 2019, but utilized the same recorded message as the prior calls and the live agents stated that they were calling from "Red Auto Protection."

22. The telemarketing calls on March 3 were made to Plaintiff's "6666" Number.

23. Plaintiff confirmed via a website and from an additional phone call that the company is named "Red Auto Protection."

24. At no time did Plaintiff provide his cellular number to Defendant through any medium, nor did Plaintiff consent to receive such unsolicited calls.

25. Plaintiff has never signed-up for, and has never used, Defendant's services, much less had any form of business relationship with Defendant.

26. Plaintiff is the subscriber and sole user of the "6666" Number and is financially responsible for phone service to that number.

27. Through the unsolicited calls, Defendant contacted Plaintiff on Plaintiff's cellular telephone regarding an unsolicited service via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

28. Upon information and belief, this ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

29. Upon information and belief, this ATDS has the capacity to store numbers and to dial numbers without human intervention.

30. Upon information and belief, Defendant used a combination of hardware and software systems which have the capacity to generate or store random or sequential numbers or to dial sequentially or randomly in an automated fashion without human intervention.

31. Because Plaintiff was repeatedly called by Defendant using a prerecorded artificial voice, and then connected to a live person, these facts demonstrate that Defendant used an ATDS to send the subject calls.

32. The impersonal and generic nature of the prerecorded and artificial voice that Defendant sent to Plaintiff further demonstrates that Defendant used an ATDS to send the subject calls.

33. The calls made to Plaintiff and the Class Members were for the purpose of marketing, advertising, and promoting Defendant's business and services to Plaintiff and to the Class Members.

-5-
CLASS ACTION COMPLAINT

34. These calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

35. Plaintiff did not provide Defendant or its agents prior express consent to receive calls, including unsolicited calls, to his cellular telephone, pursuant to 47 U.S.C. § 227(b)(1).

36. The unsolicited calls by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

37. Defendant was aware that it was placing unsolicited robocalls to Plaintiff and other persons without their prior express consent.

38. A "violation of the TCPA is a concrete, de facto injury." *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037 (9th Cir. 2017).

39. Plaintiff was damaged by Defendant's calls, including the harm that he suffered through the repeated unsolicited contact by Defendant. In addition to using Plaintiff's residential cellular data, phone storage, and battery life, his privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted calls, forcing him to divert attention away from his work and other activities. Not only did the receipt of the robocalls distract Plaintiff away from his personal activities, Plaintiff was forced to spend time investigating the source of the calls and who sent them to him.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of itself and of a similarly situated "Class" or "Class Members" defined as:

> All persons within the United States who, within the four years prior to the filing of this Complaint, were called by Defendant or anyone on Defendant's behalf, to said person's cellular telephone number, using the same equipment used to call Plaintiff's cellular telephone.

41. Excluded from the Class are Defendant, and any subsidiary or affiliate of Defendant, and the directors, officers and employees of Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

42. This action has been brought and may properly be maintained as a class action against Defendant pursuant to Rule 23 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that any Class should be expanded or otherwise modified.

43. **Numerosity**: At this time, Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Defendant's conduct consisted of a standardized calls placed to cellular telephone numbers, Plaintiff believes there are greater than 40 Class Members. Plaintiff believes that the Class is so numerous that joinder of all members of the Class is impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit the Parties and the Court by eliminating the possibility of inconsistent or varying adjudications of individual actions.

44. Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's calls and marketing records.

45. Members of the Class may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary or appropriate by the Court.

46. **Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class. Common questions of law or fact exist as to

all members of the Class and predominate over the questions affecting individual Class Members. These common legal or factual questions include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents called (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class Member using any automatic dialing to any telephone number assigned to a cellular phone service;

    b. How Defendant obtained the numbers of Plaintiff and Class Members;

    c. Whether Defendant called Plaintiff and Class Members using a prerecorded message or an artificial voice;

    d. Whether the dialing system used to call is an Automatic Telephone Dialing System;

    e. Whether Defendant engaged in telemarketing when it made its calls;

    f. Whether the calls made to Plaintiff and Class Members violate the TCPA and its regulations;

    g. Whether Defendant willfully or knowingly violated the TCPA or the rules prescribed under it;

    h. Whether Plaintiff and the members of the Class are entitled to statutory damages, treble damages, and attorney fees and costs for Defendant's acts and conduct;

    i. Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct; and

    j. Whether Plaintiff and the Class are entitled to any other relief.

47. One or more questions or issues of law or fact regarding Defendant's liability are common to all Class Members and predominate over any individual

issues that may exist and may serve as a basis for class certification under Rule 23(c)(4).

48. **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same course of conduct that violates the TCPA.

49. Plaintiff and members of the Class each received at least one telephone call, advertising the Defendant's vehicle protection plans, which Defendant placed or caused to be placed to Plaintiff and the members of the Class.

50. **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel competent and experienced in litigation in the federal courts, TCPA litigation and class action litigation.

51. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter

as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

52. **Class-Wide Injunctive Relief and Rule 23(b)(2):** Moreover, as an alternative to or in addition to certification of the Class under Rule 23(b)(3), class certification is warranted under Rule 23(b)(2) because Defendant has acted on grounds generally applicable to Plaintiff and members of Class, thereby making appropriate final injunctive relief with respect to Plaintiff and Class Members as a whole. Plaintiff seeks injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Defendant Defendant's ongoing violations of the TCPA, and to order Defendant to provide notice to them of their rights under the TCPA to statutory damages and to be free from unwanted calls.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)

53. Plaintiff incorporates by reference all of the allegations contained in all of the above paragraphs of this Complaint as though fully stated herein.

54. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

55. Automatic telephone dialing system refers to "equipment which has the capacity---(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

56. Defendant – or third parties directed by Defendant – used equipment having the capacity to randomly or sequentially generate telephone numbers and to dial such numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class defined above.

57. These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cellular phones of Plaintiff and the other members of the putative Class when its calls were made.

58. Defendant has, therefore, violated Section 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cellular phones of Plaintiff and the other members of the putative Class without their prior express written consent.

59. Furthermore, it is a violation of the TCPA "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior consent of the called party, unless the call is initiated for emergency purposes." 47 U.S.C. 227(b)(1)(B).

60. Defendant – or third parties directed by Defendant – used an artificial or prerecorded voice to deliver messages to Plaintiff and other Class Members without prior consent.

61. These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call any of these cellular phones.

62. Defendant has, therefore, violated Section 227(b)(2) of the TCPA by initiating telephone class while using an artificial or prerecorded voice to deliver non-emergency telephone calls to the cellular phones of Plaintiff and the other members of the putative Class without their prior express written consent.

63. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of Section 227.

64. As a result of Defendant's negligent violations of Section 227, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each violation, pursuant to Section 227(b)(3)(B).

65. At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

66. Defendant knew that it did not have prior express consent to make these calls and knew or should have known that its conduct was a violation of the TCPA.

67. Because Defendant knew or should have known that Plaintiff and Class Members did not give prior express consent to receive autodialed calls, the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to Section 227(b)(3)(C).

68. Likewise, since Defendant knew or should have known that Plaintiff and Class Members did not give prior express consent to receive calls using artificial or prerecorded voice, the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to Section 227(b)(3).

69. As a result of Defendant knowing or willful violations of Section § 227(b), Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

70. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff requests the Court grant Plaintiff and the Class Members relief against Defendant, as set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of the class, against Defendant for:

a. An order certifying this case as a class action, certifying Plaintiff as representative of the Class, and designating Plaintiff's attorneys Class counsel;

b. Statutory damages of $500 per call;

c. Knowing or willful damages at $1,500 per call;

d. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii);

e. An injunction prohibiting Defendant from using an automatic telephone dialing system to call numbers assigned to cellular telephones without the prior express written consent of the called party;

f. Reasonable attorney's fees and costs; and

g. Such further and other relief as this Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all call logs, invoices, records, lists, electronic databases, or other itemization of telephone numbers associated with Defendant and the communication or transmittal of advertisements as alleged herein.

DATED:  March 17, 2020          EDWARDS POTTINGER LLC

By: */s/ Seth M. Lehrman*
Seth M. Lehrman
Attorney for Plaintiff
JONATHAN A. PASTORE